# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# AT MARTINSBURG

**MAURICE JOHNSON,**

      **Petitioner,**

v.

                                Civil Action No. 3:07CV50
                                Criminal Action No. 3:02CR64-04

**UNITED STATES OF AMERICA,**

      **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled case came before the Court for consideration of the Report and Recommendation ("R & R") of Magistrate Judge James E. Seibert [Doc. 4], dated July 12, 2007. The petitioner filed Objections [Doc. 5] thereto on July 24, 2007. In the interests of justice and in accordance with 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review.

The Court, after reviewing the above, is of the opinion that the Magistrate Judge's R & R should be, and is, hereby **ORDERED ADOPTED**.

The Magistrate Judge recommends that the Petition [Doc. 1] be dismissed as untimely filed because the Petition was filed more than one year after the judgment of conviction became final. 28 U.S.C. § 2255. Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"], the time for filing a direct appeal expires ten days after the entry of judgment in the case. ***Aikens v. United States***, 204 F.3d 1086, 1089 n. 1 (11th Cir. 2000). The Judgment and Committal Order in this case was entered on August 5,

2003 [Crim. Doc. 510]. No notice of direct appeal was ever filed by the defendant, rendering that Judgment final ten days later. The defendant's Petition was filed on April 27, 2007, well beyond the filing deadline under 28 U.S.C. § 2255.

The Petitioner also seeks to raise new claims with his Objections to the Magistrate Judge's R & R. In the original Petition, Johnson moves to vacate his sentence due to ineffective assistance of counsel. Johnson argues that he instructed his attorney to file an appeal, but counsel failed to file a timely appeal challenging his sentence. As clearly set forth in the R & R, the petition for relief from the sentence alleging ineffective assistance of counsel was not timely filed as it was submitted more than three years after the underlying judgment became final.

In his July 24, 2007, Objections [Doc. 5], the petitioner challenges the Bureau of Prisons' assessment of his release date. The new claims challenge the Bureau of Prison's calculation of his sentence, beginning with his commitment to the custody of the Bureau of Prisons on May 11, 2006. These new claims are not timely filed, and they do not relate back to the original Petition's allegations in time or kind. See **Mayle v. Felix**, 545 U.S. 644, 650 (2005)("An amended habeas petition, we hold, does not relate back (and thereby escape the AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.")

Therefore, the Court finds that the petitioner's original Motion [Doc. 1] was not timely filed, the new claims do not relate back to the original Petition and the new claims themselves are not timely filed. Accordingly, the Petition [Doc. 1] for relief is **DENIED**. It is further **ORDERED** that this action be **DISMISSED WITH PREJUDICE** based on the reasons set forth herein and for those in the Magistrate Judge's Report and

Recommendation. This matter is **ORDERED STRICKEN** from the active docket of the Court.

It is so **ORDERED**.

The Clerk is directed to transmit true copies of this Order to the petitioner and all counsel of record herein.

**DATED:** August 3, 2007.

JOHN PRESTON BAILEY
UNITED STATED DISTRICT JUDGE